UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                              Chapter 11

Raymond Dickhoff
aka Raymond F. Dickhoff,                                             Case No. 8-18-77317-las

                                    Debtor.
-------------------------------------------------------------X

### ORDER AUTHORIZING THE DEBTOR TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE DEBTOR TO EXAMINE EASTERN PROPERTY INVESTOR CONSULTANTS, LLC

Upon the motion, dated January 25, 2019 (the "Motion"), of Gary C Fichoff, Esq. on behalf of Raymond Dickhoff (the "Debtor") pursuant to Bankruptcy Rule 2004, for an order authorizing the Debtor to issue subpoenas for the production of documents and to examine Wayne Steck, Eastern Property Investor Consultants, LLC, and The Gates at Medford; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor's estate; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is

ORDERED that the Motion is granted on the terms set forth herein; and it is further

ORDERED that the Debtor is authorized under Bankruptcy Rules 2004 and 9016, to issue such subpoenas as may be necessary to compel the production of documents and the testimony of Eastern Property Investor Consultants, LLC ("Eastern Property") in connection with the administration of this Chapter 7 case; and it is further

1

ORDERED that unless otherwise agreed to by the Debtor, Eastern Property shall have fourteen (14) days from the service of a subpoena to either (1) produce to the Debtor all responsive documents requested in the Debtor's subpoena, other than those documents withheld under a claim of privilege or (2) file with this Court an objection or response to the subpoena with a hearing promptly scheduled; and it is further

ORDERED that unless otherwise agreed to by the Debtor, if Eastern Property withholds any documents from the production based upon a claim of privilege, Eastern Property is directed to provide counsel for the Debtor with a privilege log, containing the information required under Bankruptcy Rule 7026 and E.D.N.Y. L.B.R. 7026-1, within fourteen (14) days of the service of a subpoena on Eastern Property; and it is further

ORDERED that Eastern Property is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Debtor, in no event more than fifteen (15) days from the date of the service of a deposition subpoena upon Eastern Property; and it is further

ORDERED that nothing herein shall limit the rights of Eastern Property under applicable law to object to or oppose any subpoena the Debtor may serve upon Eastern Property; and it is further

ORDERED that in accordance with Bankruptcy Rules 2004 and 9016, (i) the Clerk of this Court shall issue subpoenas, signed, but otherwise in-blank, as requested by the Debtor, or (ii) provided that counsel for the Debtor is authorized to practice in this Court, counsel may issue and sign the subpoenas; and it is further

ORDERED that the Debtor shall file with the Court an affidavit or declaration of service for each subpoena he serves; and it is further

ORDERED that this Order is without prejudice to the Debtor's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law; and it is further

ORDERED that this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.



**Dated: February 1, 2019**
**Central Islip, New York**

_Louis A. Scarcella_
**Louis A. Scarcella**
**United States Bankruptcy Judge**