B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Eastern__ District of __New York__

In re __Raymond Dickhoff__
               Debtor

Case No. __18-77317__

Chapter __11__

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __Wayne Steck, Eastern Property Investor Consultants, LLC and The Gates at Medford__
*(Name of person to whom the subpoena is directed)*

■ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Berger, Fischoff, Shumer, Wexler & Goodman, LLP<br>6901 Jericho Turnpike, Suite 230<br>Syosset, New York 11791 | 02/26/19     10:00 am |

The examination will be recorded by this method: __Court Stenographer__

■ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

__See Schedule A__

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __2/5/19__

CLERK OF COURT

_____  OR  _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Raymond Dickhoff__, who issues or requests this subpoena, are:

Gary C. Fischoff, Esq. - 6901 Jericho Turnpike, Suite 230, Syosset, New York 11791 - (516) 747-1136

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

SCHEDULE A

A. Copies of any and all financial books, records, and tax returns for period January 1, 2015 through the present, that refer, relate or otherwise involve the Debtor, including but not limited to the financials of Eastern and The Gates at Medford, LLC. This should include, but not limited to: all records of income and expenses, with back up invoices; all checking account statements and cancelled checks, all rents received for the retail restaurant location, for Joe's Garage and Grill, LLC and subsequent occupants, including copies of any leases, amendments, modifications or assignment; and any records relating to the application of the Debtor's distributions from Eastern.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                    Chapter 11

Raymond Dickhoff
aka Raymond F. Dickhoff,                                      Case No. 8-18-77317-las

                            Debtor.
-------------------------------------------------------------X

**ORDER AUTHORIZING THE DEBTOR TO ISSUE SUBPOENAS
FOR THE PRODUCTION OF DOCUMENTS AND
<u>AUTHORIZING THE DEBTOR TO EXAMINE WAYNE STECK</u>**

Upon the motion, dated January 25, 2019 (the "<u>Motion</u>"), of Gary C Fichoff, Esq. on behalf of Raymond Dickhoff (the "<u>Debtor</u>") pursuant to Bankruptcy Rule 2004, for an order authorizing the Debtor to issue subpoenas for the production of documents and to examine Wayne Steck, Eastern Property Investor Consultants, LLC, and The Gates at Medford; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor's estate; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is

ORDERED that the Motion is granted on the terms set forth herein; and it is further

ORDERED that the Debtor is authorized under Bankruptcy Rules 2004 and 9016, to issue such subpoenas as may be necessary to compel the production of documents and the testimony of Wayne Steck ("<u>Steck</u>") in connection with the administration of this Chapter 7 case; and it is further

ORDERED that unless otherwise agreed to by the Debtor, Steck shall have fourteen (14) days from the service of a subpoena to either (1) produce to the Debtor all responsive documents requested in the Debtor's subpoena, other than those documents withheld under a claim of privilege or (2) file with this Court an objection or response to the subpoena with a hearing promptly scheduled; and it is further

ORDERED that unless otherwise agreed to by the Debtor, if Steck withholds any documents from the production based upon a claim of privilege, Steck is directed to provide counsel for the Debtor with a privilege log, containing the information required under Bankruptcy Rule 7026 and E.D.N.Y. L.B.R. 7026-1, within fourteen (14) days of the service of a subpoena on Steck; and it is further

ORDERED that Steck is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Debtor, in no event more than fifteen (15) days from the date of the service of a deposition subpoena upon Steck; and it is further

ORDERED that nothing herein shall limit the rights of Steck under applicable law to object to or oppose any subpoena the Debtor may serve upon Steck; and it is further

ORDERED that in accordance with Bankruptcy Rules 2004 and 9016, (i) the Clerk of this Court shall issue subpoenas, signed, but otherwise in-blank, as requested by the Debtor, or (ii) provided that counsel for the Debtor is authorized to practice in this Court, counsel may issue and sign the subpoenas; and it is further

ORDERED that the Debtor shall file with the Court an affidavit or declaration of service for each subpoena he serves; and it is further

ORDERED that this Order is without prejudice to the Debtor's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law; and it is further

ORDERED that this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.



Dated: February 1, 2019
Central Islip, New York

_Louis A. Scarcella_
Louis A. Scarcella
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                              Chapter 11

Raymond Dickhoff
aka Raymond F. Dickhoff,                                Case No. 8-18-77317-las

                      Debtor.
------------------------------------------------------------X

**ORDER AUTHORIZING THE DEBTOR TO ISSUE SUBPOENAS
FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE DEBTOR
TO EXAMINE EASTERN PROPERTY INVESTOR CONSULTANTS, LLC**

      Upon the motion, dated January 25, 2019 (the "Motion"), of Gary C Fichoff, Esq. on behalf of Raymond Dickhoff (the "Debtor") pursuant to Bankruptcy Rule 2004, for an order authorizing the Debtor to issue subpoenas for the production of documents and to examine Wayne Steck, Eastern Property Investor Consultants, LLC, and The Gates at Medford; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor's estate; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is

      ORDERED that the Motion is granted on the terms set forth herein; and it is further

      ORDERED that the Debtor is authorized under Bankruptcy Rules 2004 and 9016, to issue such subpoenas as may be necessary to compel the production of documents and the testimony of Eastern Property Investor Consultants, LLC ("Eastern Property") in connection with the administration of this Chapter 7 case; and it is further

1

ORDERED that unless otherwise agreed to by the Debtor, Eastern Property shall have fourteen (14) days from the service of a subpoena to either (1) produce to the Debtor all responsive documents requested in the Debtor's subpoena, other than those documents withheld under a claim of privilege or (2) file with this Court an objection or response to the subpoena with a hearing promptly scheduled; and it is further

ORDERED that unless otherwise agreed to by the Debtor, if Eastern Property withholds any documents from the production based upon a claim of privilege, Eastern Property is directed to provide counsel for the Debtor with a privilege log, containing the information required under Bankruptcy Rule 7026 and E.D.N.Y. L.B.R. 7026-1, within fourteen (14) days of the service of a subpoena on Eastern Property; and it is further

ORDERED that Eastern Property is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Debtor, in no event more than fifteen (15) days from the date of the service of a deposition subpoena upon Eastern Property; and it is further

ORDERED that nothing herein shall limit the rights of Eastern Property under applicable law to object to or oppose any subpoena the Debtor may serve upon Eastern Property; and it is further

ORDERED that in accordance with Bankruptcy Rules 2004 and 9016, (i) the Clerk of this Court shall issue subpoenas, signed, but otherwise in-blank, as requested by the Debtor, or (ii) provided that counsel for the Debtor is authorized to practice in this Court, counsel may issue and sign the subpoenas; and it is further

ORDERED that the Debtor shall file with the Court an affidavit or declaration of service for each subpoena he serves; and it is further

ORDERED that this Order is without prejudice to the Debtor's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law; and it is further

ORDERED that this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.

Dated: February 1, 2019
Central Islip, New York



_/s/ Louis A. Scarcella_
Louis A. Scarcella
United States Bankruptcy Judge